**CELANESE CORPORATION OF AMER-ICA, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 12857.

United States Court of Appeals Seventh Circuit.

June 14, 1961.

Gerard D. Reilly, Washington, D. C., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, National Labor Relations Board, Washington, D. C., for respondent.

Before SCHNACKENBERG and CASTLE, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge.

The judgment heretofore entered in this case, Celanese Corporation of America v. National Labor Relations Board, 7 Cir., 1960, 279 F.2d 204, has been vacated by the Supreme Court, 1961, 365 U.S. 297, 81 S.Ct. 689, 5 L.Ed.2d 688, and the case has been remanded for consideration by this court in light of National Labor Relations Board v. Mattison Machine Works, 1961, 365 U.S. 123, 81 S.Ct. 434, 5 L.Ed.2d 455. Reference is made to the previous decision in 279 F.2d 204 for a statement of facts.

The case now turns on the question as to the scope of judicial review of orders of the Board respecting the validity of representation elections.

Section 10(e) of the Labor Management Relations Act, 1947, 29 U.S.C.A. § 160(e), which is similar to the provisions of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., requires that the court determine the substantiality of the evidence supporting a Labor Board decision on the record as a whole.

In interpreting this section, Universal Camera Corp. v. National Labor Relations Board, 1951, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456, admonishes the Courts of Appeals of their duties in reviewing Labor Board orders. The courts are to assume more responsibility for the reasonableness and fairness of Board decisions than some courts have previously shown. It is said on pages 490 and 491 of 340 U.S., on page 466 of 71 S.Ct., that:

" * * * The Board's findings are entitled to respect; but they must nonetheless be set aside when the record before a Court of Appeals clearly precludes the Board's decision from being justified by a fair estimate of the worth of the testimony of witnesses or its informed judgment on matters within its special competence or both.

\* \* \* \* \*

" * * * Whether on the record as a whole there is substantial evidence to support agency findings is a question which Congress has placed in the keeping of the Courts of Appeals. * * * "

There is no conflict or contradiction between the substantial evidence rule determinative of the scope of review and the principle whereunder the Board is entrusted with wide discretion in establishing the procedures and safeguards necessary to insure the fair and free choice of bargaining representatives as enunciated in National Labor Relations Board v. A. J. Tower Co., 1946, 329 U.S. 324, 330, 67 S.Ct. 324, 91 L.Ed. 322. These rules do not conflict because they affect differing spheres of activity. The Board's wide discretion lies in the initial promulgation of rules and regulations, while the court exercises its duties in reviewing decisions involving application of the Board's rules. Judicial review in these cases is not concerned with the wisdom of the Board's policy but must determine whether the record as a whole supports the findings and conclusions respecting compliance with the policies, rules, and regulations promulgated by the Board.

Unless or until Congress changes the language of the statute or the Supreme Court changes its interpretation of the application of the statute, this court is bound by the rule of the Universal Camera case.

On oral argument counsel for the Board took the position that the scope of review by Courts of Appeals of orders of the Board as to representation elections was extremely narrow and that the Board's orders should not be set aside unless clearly arbitrary or capricious.

Counsel could not think of an example of extreme arbitrariness or capriciousness which, in his opinion, would warrant setting aside an order. This position is far from the interpretation placed on the statute by the United States Supreme Court in the Universal Camera case.

In accordance with the "wide discretion" entrusted to it, the Board has adopted the policy to set aside a representation election where it appears that (1) there has been a material misrepresentation of fact, (2) this misrepresentation comes from a party who had special knowledge or was in an authoritative position to know the true facts, and (3) no other party had sufficient opportunity to correct the misrepresentations before the election. United States Gypsum Company, 130 N.L.R.B. No. 99; The Cleveland Trencher Company, 130 N.L.R.B. No. 59; Kawneer Company, 119 N.L.R.B. 1460; The Calidyne Company, 117 N.L.R.B. 1026, 1028. Where these elements are present, the Board has found that the legitimate limits of campaign propaganda have been exceeded and has set aside the election on the ground that it does not reflect the free desires of the employees without further requiring that prejudice to the fairness of the election be shown.

In the case before the court, the validity of a representation election was put in issue by allegations as to the three elements prejudicial to the fairness of an election under the doctrine set forth above. Without making a determination as to the truth or falsity of the statements in question, the Board found that the additional elements were lacking in the case and concluded that the election was valid.

■ This court, on the entire record encompassing a series of letters addressed to the employees, including the challenged eve-of-the-election letter as well as certain undisputed testimony concerning collective bargaining between the employer and the union at other plants, holds that the findings and conclusions of the Board as to the validity of the election were not supported by substantial evidence on the record as a whole.

This court's prior opinion was principally concerned with the question of the truth or falsity of the challenged statement. The statement as to the source of fringe benefits was material to voting employees. The union was a party in an authoritative position to know the true facts as to benefits it falsely claimed to have gained through collective bargaining. The union would not have made such statements if it had not believed that they would be material in influencing the vote. There was no time for rebuttal of the false statement.

■■ On this remand, the Board has not challenged this court's finding that there were misrepresentations of fact. The Board's construction of written documents and undisputed evidence is not binding on this court. An election must be set aside where, as here, the three elements set forth above are present. Under these circumstances, there is interference with the employees' freedom of choice of bargaining representative. It has been conceded by the Board that it would have been as improper for the employer to have canvassed the employees to ascertain why or how they voted as it would be to similarly question voters after casting their secret ballots in other elections.

■ Considering the instant case in light of National Labor Relations Board v. Mattison Machine Works, supra, it appears that in the latter case a conclusion of prejudice to the fairness of the election was based on trivial administrative irregularities. In Mattison this court refused to enforce the order because the Board's notices of election contained a minor and unconfusing mistake in the employer's corporate name, which error the Supreme Court held did not affect the fairness of the election in the absence of a contrary showing by the employer. However, this court can now find no basis for holding that "trivial irregularities of administrative procedure" and material misrepresentations of fact

made under the circumstances revealed by the record in the instant case are of the same kind and nature, equally requiring further evidence in support of prejudice to the fairness of the election. This is particularly true when a change of two votes would have changed the outcome of the election.

For the foregoing reasons the order of the Board is hereby set aside and enforcement is denied.