Robert E. GREENE, Acting Regional Director of the First Region of the National Labor Relations Board, Petitioner,

v.

A. G. POLLARD COMPANY, Respondent.

Civ. A. No. 66–568.

United States District Court

D. Massachusetts.

Sept. 15, 1966.

Arnold M. Marrow, National Labor Relations Board, Boston, Mass., for petitioner.

Robert H. Goldman, Goldman, Goldman, Curtis, Cashman & Rosenwald, Lowell, Mass., for respondent.

## OPINION

CAFFREY, District Judge.

This matter came before the Court on a petition filed by the Acting Regional Director of the First Region of the National Labor Relations Board for a temporary injunction, pursuant to Section 10(j) of the National Labor Relations Act, as amended, 29 U.S.C. § 160 (j). It appears that the respondent, A. G. Pollard Company, is a Massachusetts corporation which operates a retail store in Lowell, Massachusetts, and in the course of its business it annually receives from points outside of Massachusetts merchandise in excess of $50,000. On August 10, 1965, respondent filed a representation petition in Case No. 1–RM–550 at the office of the First Region of the National Labor Relations Board, contending that the Union, Local 372, Retail Clerks International Association, AFL–CIO, no longer represented a majority of its employees at its Lowell store. As a result thereof, an election by secret ballot was held on December 13, 1965 under the supervision of the Regional Director to determine an employee representative for purposes of collective bargaining.

Respondent filed objections to this election on December 20, 1965, which were overruled in a series of decisions of the Regional Director, dated respectively January 20, February 12, March 4 and April 4, 1966. The Regional Director issued a Certification of Representative certifying the Union as the collective bargaining representative for all employees of respondent on April 6, 1966. On April 18, the Union requested respondent to recognize it and to bargain collectively with it in respect to rates of pay, wages, hours of employment and other conditions of employment. On April 26, respondent advised the Union that it considered the certification by the Board to be unlawful and erroneous.

Respondent has continued to refuse to bargain with the Union since that date.

On May 3, 1966, the Union filed a charge with the Board alleging that respondent is engaging in unfair labor practices, within the meaning of Section 8(a) (1) and (5) of the Act, and on June 8, 1966 the General Counsel, on behalf of the Board issued a complaint pursuant to Section 10(b) of the Act alleging that respondent is engaging in unfair labor practices within the meaning of Section 8(a) (1) and (5).

At a hearing held in this court, petitioner submitted its case on the basis of the papers on file and respondent called one witness. The only issues between the parties in this court are (1) whether petitioner had "reasonable cause to believe that respondent has engaged in or is engaging in unfair labor practices in its refusal to bargain with the Union," and (2) whether this is a just and proper case for the granting of injunctive relief. It is respondent's position that reasonable cause does not exist because the election as conducted runs afoul of the decision of the Court of Appeals for this Circuit in National Labor Relations Board v. Trancoa Chemical Corporation, 303 F.2d 456 (1st Cir. 1962). Respondent also contends that this is not a just and proper case for the granting of the extraordinary remedy of injunctive relief on the basis of the decision of the Court of Appeals for the Second Circuit in McLeod, Regional Director of the Second Region of the National Labor Relations Board, and International Union of Electrical, Radio and Machine Workers, AFL–CIO v. General Electric Company, 366 F.2d 847, handed down September 8, 1966.

It appears that a meeting of the Union, attended by about thirty employees, was held on Sunday evening, December 12, 1965, at which one Mello, a Union official, advised the membership that Pollard's had made up a list of the names of all Pollard employees who were Union members, and he said that if the Union was not voted in a lot of them would be without jobs. Another Union member

told the meeting that their mouths were their best weapon on this subject. It is respondent's position that this allegation by Mello was untrue and that, having been made on the eve of the election, Pollard had no chance to refute it in any way prior to the election. The election resulted in a one-vote majority for the Union, on the basis of a tally of 49 votes for the Union, 31 for the employer, and 17 unopened challenged ballots. It further appears from the papers on file that on July 18, 1966 the Board notified the parties that the unfair labor practices charge filed by the Union which was scheduled for a hearing on July 25, 1966 has been continued indefinitely by the Board. No hearing thereon is presently scheduled.

■ In Alpert v. United Steelworkers of America, etc., 141 F.Supp. 447 (D. Mass.1956), a case denying a temporary injunction under Section 10(j) of the Act, Chief Judge Wyzanski articulated the approach to be taken by the Federal district courts:

> "What a court must do is to appraise the whole situation, exercising the best judgment it can as to what is the general scope of the facts likely to be proved before the Board, what are the issues of law, and how clear it is what rule of law would be and should be applied by the Board." (141 F.Supp. at 450.)

See, also, Douds v. Local 294, Intern. Broth. of Teamsters, etc., 75 F.Supp. 414 (N.D.N.Y.1947).

■ In the *Trancoa* case, the Court of Appeals for this Circuit refused to enforce an order entered by the Board directing the employer to bargain with the Union because shortly before the election in that case a Union representative made a false representation, to which the employer had only a partial opportunity to make a reply, that working conditions of the employees would deteriorate if the Union was not elected. The instant case is an *a fortiori* one for the application of the rule of *Trancoa*, since here the statement by the Union representa-

tive, to which the employer had no opportunity whatsoever to reply, and which the Board assumed to be false for purposes of this case, was to the effect that unless the Union were elected many of the employees would be without jobs, which is obviously a more dire economic consequence than the worsening of working conditions involved in the *Trancoa* case. For this reason, I rule that petitioner did not have reasonable cause to believe that respondent, in refusing to bargain with a Union so elected, was engaging in an unfair labor practice. Elections so tainted have been denied enforcement in NLRB v. Bonnie Enterprises, Inc., 341 F.2d 712 (4th Cir. 1965), and in NLRB v. Houston Chronicle Publishing Co., 300 F.2d 273 (5th Cir. 1962). See, also, Celanese Corp. of America v. NLRB, 291 F.2d 224, 226 (7th Cir. 1961).

■ Having in mind, also, that this controversy affects only a very small segment of the retail store industry, and, much more importantly, that the Board has indefinitely continued its determination of the merits of the controversy, and that the granting of the relief sought would be tantamount to this Court's deciding the merits of the unfair labor practice charge in any event, I rule that petitioner has failed to make a showing that it is just and proper for this Court to exercise its equitable discretion and grant the injunctive relief sought.

■■ The observation in the McLeod case, "The Board has not demonstrated that an injunction is necessary to preserve the status quo or to prevent any irreparable harm," applies fully to this case, because by indefinitely continuing its hearing on the merits of the unfair labor practice charge and seeking to force respondent to bargain with the Union under the compulsive process of a District Court injunction prior to the Board's determination of the validity of the election, the Board has done what the Court of Appeals for the Second Circuit in the *McLeod* case characterized as "abdicat[ing] one of the prime purposes for which it was created and thus depriv-[ing] the Court of the expertise which

**478**

would be available to it in reviewing the Board's holding in an enforcement proceeding." (McLeod, at p. 3224.)

The petition for injunction is denied and the action is dismissed.