373 F.2d 519
 John A. STEEN, Plaintiff-Appellant,
v.
LOCAL UNION NO. 163, UNITED AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW) and
International Union, United Automobile, Aerospace and
Agricultural Implement Workers of America (UAW), Defendants-Appellees.
 No. 16858.
 United States Court of Appeals Sixth Circuit.
 March 7, 1967.
 
 Dee Edwards, Detroit, Mich., for appellant.
 Jordan Rossen, Detroit, Mich. (Joseph L. Rauh, Jr., Stephen I. Schlossberg, John A. Fillion, Bernard F. Ashe, Michael Friedman, Detroit, Mich., on the brief), for appellees.
 Before PECK and McCREE, Circuit Judges, and CECIL, Senior Circuit judge.
 PER CURIAM.
 
 
 1
 This is an appeal from an order dismissing plaintiff's complaint on the ground that no cause of action had been stated.
 
 
 2
 Plaintiff brought suit against his union, claiming that it had wrongfully refused to initiate a grievance protesting the termination of plaintiff's employment by his employer, General Motors Corporation. Plaintiff had been granted sick leave by the corporation on May 29, 1959 and this leave had been extended on June 1, 1959, November 15, 1959, and December 6, 1959. Upon applying for a further extension, plaintiff was ordered by his employer to undergo a physical examination. Following the examination, plaintiff was told to return to work. He failed to do so and was discharged. His purported grievance was based upon a section of the UAW-GM collective bargaining agreement which provided.
 
 
 3
 Any employee who is known to be ill, supported by satisfactory evidence, will be granted sick leave automatically for the period of continuing disability. Not reaching the merits of this claim, the district court dismissed the suit finding on the basis of the complaint that plaintiff had made no effort whatsoever to comply with the grievance procedure set forth in the collective bargaining contract. The court concluded that 'the duty is on the employee to initiate his grievance, and, not having done so, he cannot here subject his union to liability for his own failure.' We agree with this conclusion. See Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); Broniman v. Great Atlantic & Pacific Tea Co., 353 F.2d 559 (6th Cir. 1965), cert. denied, 384 U.S. 907, 86 S.Ct. 1343, 16 L.Ed.2d 360.
 
 
 4
 The grievance procedure of the collective bargaining agreement provides in part as follows:
 
 
 5
 (28) Any employe having a grievance, or one designated member of a group having a grievance, should first take the grievance up with the foreman, who will attempt to adjust it.
 
 
 6
 (29) Any employe may request the foreman to call the committeeman for that district to handle a specified grievance with the foreman. The foreman will send for the committeeman without undue delay and without further discussion of the grievance.
 
 
 7
 (30) If the grievance is not adjusted by the foreman, it shall be reduced to writing on forma provided by the Corporation, and signed by the employe involved and one copy shall be given to the foreman. The committeeman may then take the grievance up with higher supervision with or without another committeeman, according to the agreed local practice.
 
 
 8
 Plaintiff communicated with the foreman neither verbally nor in writing. He did contact various officials of the local and international unions, but to allow such activity to serve as a substitute for the contractual grievance procedures would be to 'deprive employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances.' Republic Steel Corp. v. Maddox, supra, 379 U.S. at 653, 85 S.Ct. at 617. Plaintiff contends that his physical condition made it impossible for him to comply with the contractual procedures, but, aside from the fact that this contention was not raised in his complaint, it is refuted by his apparent ability to contact union officials and the doctor.
 
 
 9
 Because we believe the disposition by the district court to have been correct, it is unnecessary to consider here the contention of appellee that the case might also have been dismissed on the ground that no jurisdiction existed over the subject matter of the suit.
 
 
 10
 Affirmed.