412 F.2d 795
 71 L.R.R.M. (BNA) 2911
 Russell O. LAW, Appellant,
v.
JOINT CHECKER LABOR RELATIONS COMMITTEE, SAN FRANCISCO, an
unincorporatedassociation, Pacific Maritime Association, an
unincorporated association, ILWU,an unincorporated labor
union, ILWU, Local 34, an unincorporated labor
union,MatsonTerminals Inc., a California corporation, Appellees.
 No. 22506.
 United States Court of Appeals Ninth Circuit.
 June 18, 1969, Rehearing Denied Aug. 1, 1969.
 
 Howard B. Crittenden, Jr. (argued), San Francisco, Cal., for appellant.
 Richard Ernst (argued), Dennis Daniels, Robert W. Tollen, San Francisco, Cal., for Pacific Maritime.
 Norman Leonard (argued), of Gladstein, Andersen, Leonard & Sibbett, San Francisco, Cal. (ILWU), for appellee.
 Before MERRILL, DUNIWAY and CARTER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Law, a casual (outside the regular work force) ship clerk, was fired for incompetent performance of his duties resulting in costs to his employer.
 
 
 2
 On the San Francisco waterfront employment of ship clerks and longshoremen is directed by the union hiring hall, and the clerk's employer may change from day to day depending upon where his services are required. Under the collective bargaining contract between the International Longshoremen & Warehousemen's Union and the Pacific Maritime Association, representing the ship owners, grievances respecting ship clerks are handled by respondent Joint Checker Labor Relations Committee, which is composed of representatives of both the union and the association. If agreement is not reached by the committee the dispute can go to arbitration and from there to further review.
 
 
 3
 In appellant's case a grievance was asserted by Matson Terminals, Inc., appellant's employer at the time in question. Appellant presented his case to the labor representatives on the joint committee. He admitted the mistake with which he was charged and that it was costly, but felt that under the circumstances it could be excused. In committee meeting the labor representatives presented appellant's case to the association representatives who found it insufficient and insisted that he be stricken from the casual rools of the hiring hall. The labor representatives were of the view that appellant's defense was not sufficiently compelling to warrant taking the matter to arbitration. They capitulated and appellant's name was stricken.
 
 
 4
 Appellant then brought this suit under 301 of the Labor Management Relations Act, 29 U.S.C. 185, charging that he was being deprived of employment in violation of the collective bargaining contract and that the union, in failing adequately to represent him, had deprived him of the full scope of the grievance procedure provided by contract.
 
 
 5
 Certainly appellant cannot be charged with failure to exhaust his remedies under the contract. The union representatives on the joint committee have precluded that by failing to press for arbitration.
 
 
 6
 However, findings of the District Court, which are not clearly erroneous, establish that appellant was fairly represented and that Matson's complaint against him was true. The court concluded that there was no breach of contract in terminating appellant's employment, relying on Vaca v. Sipes,386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). We find no error.
 
 
 7
 Judgment affirmed.