Al ORPHAN et al., Plaintiffs,

v.

FURNCO CONSTRUCTION CORPORA-TION, Defendant.

No. 70 C 982.

United States District Court,
N. D. Illinois, E. D.

April 16, 1971.

Charles Barnhill, Jr., Chicago, Ill., for plaintiffs.

R. Theodore Clark, Jr. and Joel H. Kaplan, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

PERRY, District Judge.

This is a § 301 class action by employees of the Furnco Construction Corporation, alleging violations of the collective bargaining contract. Plaintiffs also allege misconduct by their Un-

ion, including breach of the Union's duty of fair representation. This matter is before this Court on Defendant's Motion to Dismiss Plaintiffs' Amended Complaint. Defendant's motion is granted.

First, as to the question of whether or not the "Disputes" clause[1] was intended by the parties to be the exclusive remedy for redress of employee grievances, this Court holds that it was so intended. As the Supreme Court has often noted, any doubts should be resolved in favor of channeling grievances through the grievance-arbitration procedure. *See, e. g.*, United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 581, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); Drake Bakeries v. Local 50, American Bakery and Confectionery Workers International, 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474 (1962). In order for a grievance procedure not to be exclusive, there must be an express agreement between the parties to that effect, such that it can be said with positive assurance that the grievance procedure was not meant to be exclusive. Republic Steel Corp. v. Maddox, 379 U.S. 650, 657–658, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); Belk v. Allied Aviation Service Co., 315 F.2d 513 (2d Cir.) cert. denied, 375 U.S. 847, 84 S.Ct. 102, 11 L.Ed.2d 74 (1963). This "Disputes" clause contains no express exclusions and so this Court cannot say with the required "positive assurance" that it was not meant to be exclusive. On the contrary, not only have the parties agreed on a no-strike clause, which manifests their intent to settle grievances through the "Disputes" clause, Local 174 Teamsters, etc. v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962), but Belk v. Allied Aviation Service Co., *supra*, a case approvingly cited by the Supreme Court, is directly on point and supports this result. Finally, this Court does not find persuasive a ruling by an NLRB Trial Examiner seemingly to the contrary, because not only was this issue not squarely dealt with by this Trial Examiner, but in any event, the construction of a contract is not within the special expertise of the Board and such interpretations are not binding on this Court. Celanese Corp. v. NLRB, 291 F.2d 224, 226 (7th Cir.) cert. denied, 368 U.S. 925, 82 S.Ct. 360, 7 L.Ed.2d 189 (1961); NLRB v. J. W. Mortell Co., 440 F.2d 455 (7th Cir. 1971); NLRB v. Hobart Brothers Co., 372 F.2d 203, 206 (6th Cir. 1967).

Second, this suit is clearly barred by Plaintiffs' failure to timely and properly file grievances with the Union in accordance with the Union's By-Laws. Since it is clear that an employee under a grievance-arbitration procedure, such as the one here, must "look to his union initially for the vindication of his rights," Belk v. Allied

---

1. The pertinent provisions of the contract provide:

"ARTICLE XIII
Disputes
"In case a dispute shall arise between an Employer and the Union, the Union shall immediately take up the matter in dispute wtih the President or Secretary of the Association for adjustment. If the Union and the President or the Secretary of the Association are unable to settle the matter satisfactorily, then the dispute shall be referred at once to the Joint Arbitration Board for consideration and decision within 48 hours in the manner hereinafter provided.

"ARTICLE XIV
Settlement of Disputes
\*  \*  \*  \*  \*
"*Section 2.* Joint Arbitration Board: There shall be a Joint Arbitration Board consisting of five (5) representatives of the Association and five (5) representatives of the Union. Meetings of such Board shall be called by its Chairman or Secretary on written request of either party stating the objects for which the meeting is to be called. Four (4) members shall constitute a quorum—two from the Association and two (2) from the Union. Neither side shall cast more ballots than the other. A decision shall require a majority vote and such decision shall be binding on both parties."

Aviation Service Co., 315 F.2d at 516, these employees were required to do so in accord with the Union's By-Laws. *See, e. g.,* Steen v. Local Union No. 163, UAW, 373 F.2d 519 (6th Cir. 1967); Broniman v. Great Atlantic & Pacific Tea Co., 353 F.2d 559 (6th Cir. 1965), cert. denied, 384 U.S. 907, 86 S.Ct. 1343, 16 L.Ed.2d 360 (1966). A Union's By-Laws, after all, are a contract between the Union and its members, International Ass'n. of Machinists v. Gonzales, 356 U.S. 617, 618, 78 S.Ct. 923, 2 L.Ed.2d 1018 (1958), and as the Supreme Court has noted, "The courts' role is but to enforce the contract." NLRB v. Allis-Chalmers Manuf. Co., 388 U.S. 175, 182, 87 S.Ct. 2001, 2008, 18 L.Ed.2d 1123 (1967). Moreover, since under the Union By-Laws nothing prevented these Plaintiffs from properly filing a timely written grievance,[2] their claim of futility of resort to the grievance procedure is baseless. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Slagley v. Illinois Central Railroad Co., 397 F.2d 546, 551–552 (7th Cir. 1968). Similarly inadequate here is Plaintiffs' failure to allege exhaustion of intra-Union remedies. *See, e. g.,* Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

■ Third, Plaintiffs' allegations of breach of the Union's duty of fair representation are similarly without foundation. Initially, it should be noted that a Union does not breach its duty of fair representation by failing to process untimely and improperly filed grievances. Steen v. Local Union No. 126, UAW, *supra.* Thus, Plaintiffs' allegations of breach of the Union's duty of fair representation are, on their face, unsupportable.

Irrespective of this, Plaintiffs' conclusory allegations fall far wide of the mark of a sufficient claim of breach of the Union's duty of fair representation. While this Court appreciates the liberal construction to be applied to such pleadings, Waters v. Wisconsin Steel Works, 427 F.2d 476 (7th Cir.), cert. denied, International Harvester Co. v. Waters, 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed. 2d 151 (1970), these pleadings, based entirely on conclusory allegations, are plainly insufficient. Slagley v. Illinois Central Railroad Co., *supra*; Smith v. CPC International, 72 LRRM 2846, 2847 (N.D.Ill.1969); Ferrara v. Pacific Intermountain Express Co., 301 F.Supp. 1240, 1244 (N.D.Ill.1969). Plaintiffs' allegations of an Employer-Union conspiracy are similarly conclusory and insufficient. Lusk v. Eastern Products Corp., 427 F.2d 705 (4th Cir. 1970); Brown v. Truck Drivers & Helpers Union No. 355, 292 F.Supp. 125, 129 (D. Md.1968), affirmed, 416 F.2d 1333 (4th Cir. 1969).

■ Fourth, Plaintiffs' allegations that the "Disputes" clause requires that every grievance be processed by the Union is belied not only by the Union's By-Laws, clearly vesting the Union with power to screen grievances, but also by the Supreme Court's holding in Vaca v. Sipes, *supra*, clearly holding that the Union has both the power and responsibility to screen grievances. *See also*, Bazarte v. United Transportation Union, 429 F.2d 868 (3d Cir. 1970). As for Plaintiffs' claim that they presented their grievances to Defendant, this is entirely irrelevant to the issue of the adequacy of Plaintiffs' Amended Complaint. Black-Clawson Co., Inc. v. IAM, 313 F.2d 179 (2d Cir. 1962).

Having failed to properly and timely exhaust the grievance procedure, and state facts sufficient to allege a claim of breach of the Union's duty of fair repre-

---

2. The Union's By-Laws provide:

"ARTICLE IX

\* \* \* \* \*

"Sec. 10. GRIEVANCES. Any member who wishes the Union to process a grievance for him against an employer must present his grievance in writing to an Officer or District Manager of the Union within 10 days after the occurrence of the event about which he is complaining."

It is clear from the pleadings in this case that Plaintiffs did not file written grievances within the required 10-day period.

sentation, or any other Union misconduct, Plaintiffs have failed to state a cause of action. Defendant's Motion to Dismiss the Amended Complaint is granted with prejudice.