**James Douglas BROWNING,**
**Plaintiff,**

v.

**GENERAL MOTORS CORPORATION,**
**FISHER BODY DIVISION,**
Defendant.

Civ. A. No. 74–5.

United States District Court,
S. D. Ohio, E. D.

Nov. 27, 1974.

David W. Fais, Columbus, Ohio, for plaintiff.

Robert F. Weaver, Jr., Columbus, Ohio, for defendant.

## MEMORANDUM AND ORDER

DUNCAN, District Judge.

This matter is before the Court on the motion of defendant for summary judgment. The action originally was brought in the Court of Common Pleas of Franklin County, Ohio, sounding in contract. In its petition for removal, defendant alleges that this Court has original jurisdiction pursuant to both 29 U.S.C. § 185(a) and 50 U.S.C. App. § 459(d).

According to the papers filed to date herein, plaintiff was employed as a stock handler by defendant in August of 1968. When plaintiff entered the military service on September 11, 1969, he was granted a leave of absence by defendant. Over two years later, on December 6, 1971, he received, for reasons not revealed by the record in this case, an undesirable discharge from the United States Army. Two days later he went to the General Motors Employee and Personnel Offices on Georgesville Road, Columbus, Ohio, and asked to be reinstated to his previous position. He was subsequently informed by that office that he would not be reinstated unless his discharge status was altered.

The contact which plaintiff had with the union concerning this matter is crucial; in his affidavit submitted in support of his memorandum contra defendant's motion for summary judgment, plaintiff avers as follows:

After the passing of several days, and without any returned phone call from this individual, I returned to the Employee and Personnel Office of General Motors and spoke to this same individual with whom I had talked on December 8, 1971. The gentleman then replied that General Motors was not going to reinstate me.

After this conversation I left and went immediately to the Union Hall which is located off of West Broad Street in Columbus, Ohio. I spoke to an individual at the Union Hall, whose precise identity I cannot recall at this moment, and related the problem concerning my reinstatement with General Motors. This gentleman secured what appeared to be a regulation book and related that in light of the fact that my discharge was designated undesirable that the regulations pertaining thereto would preclude my reinstatement and that the Union could be of no assistance to me in this matter. At this time there was no statement or mention made whatever that I had any recourse either in a grievance or arbitration proceeding. I recall at no time being advised that there was any administrative recourse for my problem.

In an affidavit submitted in support of defendant's motion, Dale L. Romine, General Supervisor Personnel for the Fisher Body Division, General Motors Corporation, Columbus Plant, avers in part as follows:

At no time since the refusal to reemploy Mr. Browning following his military service has any attempt been made either by Mr. Browning or by the union representing him to utilize the grievance and arbitration procedures established by the aforesaid collective bargaining agreements.

Insofar as this action is brought pursuant to 50 U.S.C. App. § 459(d), defendant is entitled to judgment as a matter of law. Plaintiff does not dispute that he was undesirably discharged from the Army. Pursuant to 50 U.S.C. App. § 459(b)(B), a veteran is entitled, under most circumstances, to re-employment with his pre-induction employer *if* he possesses a § 459(a) certificate indicating he has satisfactorily completed his military service. Plaintiff does not allege that he possessed such a certificate or that he presented one to defendant. Further, the United States Court of Appeals for the Sixth Circuit has expressly held, in a § 459(a) case, that "satisfactory completion of service does not include completion 'under other than

honorable conditions.' " Brotherhood of Railway and Steamship Clerks v. Railway Express Agency, 238 F.2d 181, 184 (6th Cir. 1956). An undesirable discharge is defined by the Secretary of Defense as "separation from an Armed Force under conditions other than honorable." 32 C.F.R. § 41.3(n) (1974). Therefore, insofar as this action is brought pursuant to § 459, defendant's motion is well taken.

■ Plaintiff's 29 U.S.C. § 185(a) claim is that defendant violated paragraph 112 of the relevant collective bargaining agreement when it refused to reinstate him after his discharge from the Army. In relevant part, that paragraph provides that a returning veteran will be reinstated if he "has not been dishonorably discharged." Whether this language pertains only to discharges actually classified as dishonorable, or whether it pertains to all discharges which are other than honorable, are questions which are not answered on the face of the collective bargaining agreement. Should the former question be answered in the affirmative, then plaintiff, who received an undesirable discharge rather than a dishonorable discharge, would be entitled to reinstatement under the contract. Should the latter question be answered in the affirmative, then plaintiff's discharge, which, while not dishonorable, was less than honorable, would not entitle him to reinstatement.

The collective bargaining agreement involved herein contains mandatory grievance and arbitration clauses. In asserting, in support of its motion, that this Court lacks jurisdiction over this matter, defendant relies upon the settled rule of law that an employee may not sue for breach of the terms of such a contract unless he first exhausts the mandatory grievance procedures. See Republic Steel Corporation v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). Defendant further relies upon Steen v. Local Union No. 163, UAW, 373 F.2d 519 (6th Cir. 1967) for the proposition that the duty to initiate a grievance is upon the employee whether or not he has been advised by the employer or union that this is the proper procedure under the contract.

At the time plaintiff returned from his military service and sought reinstatement with defendant, he had been on leave of absence for military service for over two years. He avers that he reported to defendant's personnel office and was turned away. He further avers that he immediately reported to the union hall to seek help. As noted above, he was told "that the Union could be of no assistance to me in this matter." He was not told that he might file a grievance.

*Steen, supra,* concerned the same collective bargaining agreement involved herein. In *Steen* as in the case *sub judice* paragraph 28 of the agreement contained the provision concerning the procedure for initiating a grievance:

> Any employe having a grievance, or one designated member of a group having a grievance, should first take the grievance up with the foreman, who will attempt to adjust it.

In *Steen,* the United States Court of Appeals for the Sixth Circuit stated:

> Plaintiff communicated with the foreman neither verbally nor in writing. He did contact various officials of the local and international unions, but to allow such activity to serve as a substitute for the contractual grievance procedures would be to "deprive employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances." Republic Steel Corp. v. Maddox, supra, 379 U.S. at 653, 85 S. Ct. at 617.

373 F.2d at 520. In *Steen* the employee who was held to have erred in failing to initiate a grievance with his foreman was ill for several months. During this period he was regularly in contact with his employer, receiving his original grant of sick leave and three extensions of leave. Thus, in *Steen* there was no reason to believe that it created any special hardship upon the employee to require that he follow the rules set out in

the collective bargaining agreement. Since he had successfully achieved a sick leave status and had attained extensions on three separate occasions, there was no reason to believe that he could not, just as successfully, follow other rules and regulations associated with his employment.

In the instant case, on the other hand, the employee whom defendant seeks to hold to the narrow terms of the grievance procedure paragraph for over two years had been totally severed from his former employer. Unlike Mr. Steen, plaintiff was not regularly in contact with General Motors during the severance. Very likely—although the record does not reflect this—he was not even in the Columbus area. Who was the foreman to whom defendant insists he should have reported his grievance? He could very reasonably have believed, having been absent for an extended period of time, that he was not currently assigned to a foreman. Yet, defendant would hold him to the requirement of paragraph 28 that he report to "the foreman." This provision was drafted with a view to the employee who had at least some recent contact with the company, who in his day-to-day work experience would tend to take his complaints to his foreman in the first instance even in the absence of a provision such as paragraph 28. In the context of a veteran walking in off the street after a two year absence, it makes little or no sense at all.

Plaintiff was apparently never told, by management or by the union, that he could file a grievance with a certain foreman. He avers that he was in fact told by the union that there was nothing they could for him, and by the personnel office that he must try to get his discharge status changed. He took this latter course of action, which consumed much time, necessitated a trip by him to Washington, D. C. for an appearance before a review board, and ended in failure. He then brought this action in state court.

■ One of the most disturbing questions which arises from the record of this case concerns the quality of the union representation which plaintiff received in this case. His representation consisted of a statement that he would receive none and an omission to state that he had a right to file a grievance. I find that this conduct by the union brings this case within the line of authority which holds that an employee need not exhaust grievance procedures before seeking judicial relief when through its wrongful acts the union breaches its duty of fair representation of the employee. See, e. g., Orphan v. Furnco Construction Corporation, 466 F.2d 795 (7th Cir. 1972); Retana v. AFL–CIO, 453 F.2d 1018 (9th Cir. 1972); Waters v. Wisconsin Steel Works, 427 F.2d 476 (7th Cir.), cert. den. 400 U.S. 911, 91 S.Ct. 137, 27 L. Ed.2d 151 (1970); Law v. Joint Checker Labor Relations Committee, 412 F.2d 795 (9th Cir.), cert. den. 396 U.S. 956, 90 S.Ct. 427, 24 L.Ed.2d 421 (1969).

■ Defendant asserts that the collective bargaining agreement establishes no period of limitations for the filing of grievances and that there is no reason that plaintiff should not, even now, be relegated to this procedure. While the contract does not appear to create such a limitation upon the *filing* of a grievance, it clearly does, in paragraph 48, create a period of limitations on the *remedy* available the aggrieved employee. This paragraph provides that even in a case in which circumstances made it impossible for the employee to know that he had grounds for a grievance, he shall be limited in his back pay claim to a period of thirty days prior to the time when he files his claim in writing. Since the Court finds that this returning employee reasonably relied upon the union's statement that there was nothing the union could do for him, upon management's statement that his proper course of action was to attempt to effect a change of his discharge status, and upon the omission of both to inform him that he had a right to file a grievance with one foreman or another, and since it appears that the time lapse involved herein was occasioned by plain-

tiff's attempt to follow the advice to have his discharge status changed, the Court will not relegate plaintiff to a grievance procedure which by its terms precludes him from seeking a back pay award for any period prior to thirty days before his filing a written grievance.

The Court therefore finds, for the reasons stated above, that it has jurisdiction pursuant to 29 U.S.C. § 185(a) to entertain this action. As stated above, defendant's motion for summary judgment is meritorious as regards plaintiff's 50 U.S.C. App. § 459 claim; it is therefore granted to this extent. The papers and arguments filed to date relating to plaintiff's 29 U.S.C. § 185(a) claim do not address the question of whether plaintiff was "dishonorably discharged" within the meaning of paragraph 112 of the collective bargaining agreement; the Court cannot hold, on the state of these proceedings, that defendant is entitled to judgment as a matter of law as regards the § 185(a) claim. Defendant's motion is therefore denied insofar as it relates to this cause of action.

It is so ordered.