**Deborah LONG, et al., Plaintiffs–Appellants,**

v.

**GENERAL MOTORS CORP. et al., Defendants–Appellees.**

No. 00–1080.

United States Court of Appeals, Sixth Circuit.

Aug. 23, 2001.

Before BATCHELDER and MOORE, Circuit Judges, and BERTELSMAN, District Judge.*

BATCHELDER, Circuit Judge.

Appellants are 108 members of United Auto Workers Local 22 who claim that their employer, General Motors Corp. ("GM"), and their Union violated the terms of the collective bargaining agreement by failing to place their names on a "preferential rehire" list after they were laid off in 1987. The district court dismissed as time-barred their hybrid breach of contract/breach of duty of fair representation action brought under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. We will affirm the district court's judgment.

I.

In February of 1987, Long and her co-plaintiffs were laid off by GM. Pursuant to their collective bargaining agreement in effect at the time, persons who were laid off were to be placed on a "preferential rehire" list. The agreement required that employees with more seniority were to be re-hired before less senior employees were retained or re-hired, or new employees were hired. The plaintiffs were recalled to work at GM in April of 1993.

Upon their return, the plaintiffs learned that their names had been omitted from

---

* The Hon. William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

the re-hire list and that GM had retained less senior employees and hired new employees at their workplace (the D–H Assembly Plant) between 1987 and 1993. There is no dispute that until April of 1993, the plaintiffs could not have been aware that their names were not on the rehire list. The plaintiffs informed their local UAW representatives in 1993 that the plaintiffs had been denied their rights under the collective bargaining agreement. The plaintiffs claim that "during 1994" they demanded that the Local 22 representatives file a grievance on their behalf, and the local advised them that it was raising the matter with the International; when no grievance was filed and the matter had not been resolved by the end of 1995, the plaintiffs–in 1996–renewed their request. The local complied and filed a grievance.

The plaintiffs claim that Local 22 improperly withdrew their grievance at the end of 1996. They appealed the local's action to the International Executive Board, and when that action was unsuccessful, they appealed to the final authority in these matters, the Union's Public Review Board. The Public Review Board had not issued a decision at the time the plaintiffs filed their complaint in federal district court.

## II.

This court reviews de novo the district court's decision granting a motion to dismiss. *Pinney Dock & Transport Co. v. Penn Central Corp.*, 196 F.3d 617, 619 (6th Cir.1999). In this procedural posture we accept as true all of the allegations in the Complaint. *Performance Contracting, Inc. v. Seaboard Surety Co.*, 163 F.3d 366, 369 (6th Cir.1998). A motion to dismiss under Rule 12(b)(6) "should only be granted if it appears beyond doubt that the plaintiffs can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Broyde v. Gotham Tower*, 13 F.3d 994, 996 (6th Cir.1994).

■ The Supreme Court has established a six-month statute of limitations period for filing claims under § 301. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 172, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Before plaintiffs may bring a hybrid § 301 action, they must exhaust their contractual remedies. *Winston v. General Drivers, Warehousemen & Helpers*, 93 .F.3d 251, 256 (6th Cir.1996). The plaintiffs here claim that the running of the statute should be tolled because of the Union's alleged representations that it would investigate plaintiffs' claim and that it was working to resolve the problem informally. This circuit, however, has long held that informal activities to resolve employee complaints cannot be allowed to substitute for the. formal contractual grievance procedures. *See Steen v. Local Union No. 163, United Automobile, Aerospace, & Agricultural Implement Workers*, 373 F.2d 519, 520 (6th Cir.1967) (allowing informal efforts to substitute for formal grievance procedure would "deprive employer and union of the ability to establish a uniform settlement of employee grievances.")

■ We have allowed equitable tolling only in cases in which plaintiffs have proven that the defendant union fraudulently concealed the fact that it was not pursuing the plaintiffs' claims. *Noble v. Chrysler Motors Corp.*, 32 F.3d 997, 1001 (6th Cir. 1994). The elements of wrongful concealment are (1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiffs' due diligence until discovery of the facts. *Id.* at 1002, quoting *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir.1975).

■ The Complaint alleges that Local 22 made fraudulent misrepresentations to

the plaintiffs from 1987 through 1993; that after the plaintiffs returned to work in April of 1993, the defendants "fraudulently lied" to them about their contractual rights; and that the local "fraudulently lied" in 1995 regarding the efforts it was making on the plaintiffs' behalf. The Complaint does not, however, allege that the plaintiffs' failure to file a formal grievance within six months of their discovery of the alleged breach of the collective bargaining agreement was due to the Union's fraudulently concealing its inaction during that six month period. In fact, although the plaintiffs specifically allege that they learned of the alleged breach of the contract "soon after their return" to work in 1993, they do not allege that they asked the local to file any grievance on their behalf during 1993, and claim only that during 1993 the local told them it would "check into" their complaint. In short, the Complaint wholly fails to allege facts that are consistent with a claim of wrongful concealment.

The plaintiffs seek to rely on cases that hold that a cause of action does not accrue and the statute of limitation does not begin to run while the plaintiffs are working through their contractual remedies. *See Whittle v. Local 641, Int'l Brotherhood of Teamsters,* 56 F.3d 487, 490 (3rd Cir.1995)(period for filing § 301 hybrid-action tolled while the matter was arbitrated pursuant to contract). But the Complaint clearly reflects that the plaintiffs made no attempt to initiate a formal grievance until 1994, after the six-month statute had run. Because the plaintiffs waited beyond the six-month time period to invoke their formal contractual remedies, they cannot benefit from the late accrual rule.

The plaintiffs complain that the collective bargaining agreement does not permit them to initiate a grievance themselves; rather, they say, the grievance must be initiated by the Union. Therefore, they continue, they were justified in relying in good faith on the local Union's representation that it was attempting to resolve the plaintiffs' complaint. Although the language of the collective bargaining agreement instructs that a grievant "should" go first to his or her foreman, there is no other provision in the agreement governing the initiation of grievances, and under the law of this circuit it is clear that the duty to initiate a grievance remains with the plaintiff. *Steen,* 373 F.2d at 520. The Complaint's allegation that the Union lied to the plaintiffs in 1995 is immaterial, because by that time, the statute of limitations had already expired.

### III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.