Max Bing **DOTY**, Paul Grimes, Sheldon Eugene Hall, Roy Long, Billy Glenn Mullins, Wayne Kenneth O'Brien, Walter Paryla, Rodney Roberts, Charles Sherrick, Plaintiffs-Appellants,

v.

The **GREAT ATLANTIC AND PACIFIC TEA COMPANY,** Defendant-Appellee.

No. 16715.

United States Court of Appeals Sixth Circuit.

July 11, 1966.

Richard H. Siegel, Cleveland, Ohio, for appellants.

John G. Wayman, Pittsburgh, Pa. (Clay Mock, Ashley M. Van Duzer, Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, Reed, Smith, Shaw, & McClay, Pittsburgh, on the brief), for appellee.

Before WEICK, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM:

This action was instituted by nine former employees of the Defendant-Appellee, The Great Atlantic and Pacific Tea Company, hereinafter referred to as Defendant. The Plaintiffs-Appellants, hereinafter referred to as Plaintiffs, were employed by the Defendant at its Produce-Perishable Warehouse in Cleveland, Ohio. Plaintiffs were laid off due to lack of work. The department in which the Plaintiffs worked was discontinued when a City Ordinance dealing with the inspection of poultry preparation was repealed. Plaintiffs and their Union [1] were notified before the department was closed.

Plaintiffs brought this action against the Defendant to recover damages for breach of a collective bargaining agreement entered into by the Defendant and the Union. The Defendant, after filing an answer, moved for summary judgment. The Plaintiffs appeal from an order of the District Court granting Defendant's motion for summary judgment.

[1]. Local No. 400, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

Article VII of the collective bargaining agreement provided, in part, as follows:

"In the event of any dispute, differences or complaints over the interpretation or application of this Agreement, which cannot be satisfactorily settled by negotiation, either of the parties hereto may request arbitration. * * *

"The arbitration procedure provided for herein shall be the sole method of resolving disputes under this contract, * * *."

Plaintiffs submitted affidavits stating that two of the nine Plaintiffs presented a grievance to the Union Steward, but the Steward failed to process or even accept the grievance. No further steps were taken by the Plaintiffs. Neither the Union nor any of the Plaintiffs filed or processed any grievance with the Defendant. The Union was not named as a party defendant, and there were no allegations that the Union or the Steward acted fraudulently or in bad faith. Nor were there any allegations that the Defendant and the Union conspired to wrongfully discharge the Plaintiffs.

Although the complaint purports to invoke the diversity jurisdiction of the District Court, it is clear that the action should properly be designated as arising under Section 301 of the Labor Management Relations Act, 29 U.S.C., Section 185. Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962); Rhine v. Union Carbide Corp., 343 F.2d 12 (C.A. 6, 1965).

Based upon Republic Steel Corporation v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580; Union News Co. v. Hildreth, 295 F.2d 658 (C.A. 6, 1961); Black-Clawson Company, Inc., Paper Machine Division v. International Association of Machinists, 313 F.2d 179 (C.A. 2, 1962), and Broniman v. Great Atlantic and Pacific Tea Company, 353 F.2d 559 (C.A. 6, 1965), cert. denied 1966, 384 U.S. 907, 86 S.Ct. 1343, 16 L.Ed.2d 360, the judgment of the District Court must be affirmed.

In Broniman v. Great Atlantic and Pacific Tea Company, supra, the Plaintiff was laid off because of lack of business. The Plaintiff filed a written grievance with a Union Steward. No further action was taken on this grievance. The judgment of the District Court granting summary judgment for the employer was affirmed by this Court in an opinion written by Judge Cecil.

In the instant case there was no allegation that the Plaintiffs went further than presenting a grievance to the Union Steward. There was no claim that the Plaintiffs made any further attempt to have the matter negotiated by the Union, or sought to have the grievance submitted to arbitration. The judgment of the District Court is affirmed.