Robert E. Hatton, Louisville, for appellant.

Bill V. Seiller, Jones, Ewen, MacKenzie & Peden, Louisville, for appellee.

HILL, Judge.

On May 21, 1965, appellee Robert McGuffin, herein referred to as the employee, was discharged by appellant, his employer, for being in an unfit condition due to claimed excessive alcoholic consumption. He had been warned and reprimanded before. He fell the same morning of his discharge and was taken to a hospital, where he remained until June 6 or 7.

A request that his grievance be heard and that he be reinstated with back pay was filed by the employee on June 10, 1965, with the proper grievance committee. His employer declined to honor his request. Whereupon, he filed this action demanding that the trial court direct arbitration under an

**HARSHAW CHEMICAL COMPANY, Appellant,**

**v.**

**Robert McGUFFIN, Appellee.**

Court of Appeals of Kentucky.

May 12, 1967.

Rehearing Denied Oct. 20, 1967.

agreement in force between the International Chemical Workers' Union No. 604 and the employer. Section 32 of this agreement provided that any grievance "shall be presented in writing to the department supervisor *within ten (10) working days of its occurrence.*" (Emphasis ours.) Admittedly, his request was filed more than ten working days after the occurrence.

In his grievance the employee, apparently anticipating that his employer would raise the question of the timeliness of the filing of his request, stated: "Mr. McGuffin feels the 10 day period for filing grievance is not fair to him as he was in the hospital with to (sic) much pain to attend to such matters."

In the trial court the employer filed answer and a motion for judgment on the pleadings. The trial court treated the motion for judgment on the pleadings as a motion for summary judgment. The employee filed his own affidavit, while the employer filed the affidavits of two union officials. The affidavit of Robert A. Pendleton, president of the local union, stated:

"That on May 24, 1965, he, together with Charles Thacker, and Selbert Devine, visited Robert McGuffin who was then a patient in Jewish Hospital. He showed Mr. McGuffin a copy of the discharge notice dated May 21, 1965. He inquired of Mr. McGuffin if he wished the Union to file a grievance on his behalf on account of his discharge by the company. Mr. McGuffin stated that he did not.

"Some time later, and on three separate occasions, within the ten (10) working day period from May 21, 1965, Mr. McGuffin telephoned the affiant and tha (sic) affiant each time, inquired if he wished the Union to file a grievance on his behalf. Each time Mr. McGuffin's answer was 'No'."

The affidavit of Charles J. Thacker, financial secretary of employee's union, contains this statement:

"In response to a question by Mr. Pendleton as to whether or not Mr. McGuffin wished to file a grievance, Mr. McGuffin stated, in my presence and in the presence of Mr. Pendleton, that he did not wish to file a grievance."

The employee did not deny the statements contained in the affidavits of the president and the financial secretary of his union.

■ The bare statement that he was in the hospital "with to (sic) much pain to attend to such matters" in the face of the evidence mentioned above was not sufficient to toll the limitation provided in the labor contract.

The trial court found in its "Amended Memorandum Opinion, Findings, and Conclusions":

"* * * (A)ccording to the uncontradicted affidavit of Robert A. Pendleton, President of Local 604, on four occasions prior to the expiration of the ten day period, said Pendleton asked the Petitioner, Robert McGuffin if McGuffin wished the union to file a grievance on his behalf, and on each occasion the petitioner, Robert McGuffin answered 'No'."

■ Notwithstanding the above findings of fact, the trial court in effect held that the ten-day filing period did not apply due to the employee's being in the hospital during that period. We think the trial court correctly determined the question of fact pertaining to the employee's late filing, but that he misinterpreted and misapplied the law thereto. It was incumbent on the employee to show that his failure to file grievance within the time provided in the contract was excusable. This he did not do. See Broniman v. Great Atlantic & Pacific Tea Company, 353 F.2d 559 (C.A. 6, 1965) cert. denied 1966, 384 U.S. 907, 86 S.Ct. 1343, 16 L.Ed.2d 360; and Doty v. Great Atlantic & Pacific Tea Company, 362 F.2d 930 (C.A. 6).

Other nice questions are presented by the able briefs of both appellant and appellee.

The one containing the chief bone of contention raised the question as to the remedy available to the employee. The contract required him to exhaust four steps in order to reach arbitration. He took only the first step.

It is unnecessary for us to decide the proper remedy. The resolution of the threshold question of the timeliness or untimeliness of the filing of his request for grievance disposed of the case.

The judgment is reversed with directions to dismiss the complaint.

All concur.