William G. CRONIN, Ferl F. Toll, William T. Roach, and Alfred D. Russom, Appellants,

v.

SEARS, ROEBUCK & COMPANY, a corporation and Teamsters Local Union No. 688, a labor organization, Appellants.

Nos. 78–1166, 78–1179.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1978.

Decided Dec. 8, 1978.

Rehearing and Rehearing En Banc Denied Jan. 3, 1979.

Kenneth V. Byrne, Clayton, Mo., for Cronin, et al.

Kalvin M. Grove (on brief), Fox & Grove, Chicago, Ill., argued for Sears; Jeffrey S. Goldman and Martin K. Denis, Chicago, Ill., on brief.

Harry H. Craig (on brief), Wiley, Craig, Armbruster, Wilburn & Mills, St. Louis, Mo., argued for the Teamsters; Clyde E. Craig, St. Louis, Mo., on brief.

Before VAN OOSTERHOUT, Senior Judge, and LAY and BRIGHT, Circuit Judges.

LAY, Circuit Judge.

Plaintiffs brought this action in federal district court against their employer, Sears, Roebuck & Co., and their union, Teamsters Local 688, under § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). They alleged that Sears had breached its collective bargaining agreement by refusing to pay plaintiffs witness pay and that the union had breached its duty of fair representation by failing to process properly their grievances arising from the company's refusal. The jury returned special interrogatories finding that Sears had not breached their collective bargaining agreement but that the union had breached its duty of fair representation. The parties stipulated each plaintiff's actual damages to be $107.00, or an aggregate total of $428.00, in lost wages. The jury assessed punitive damages of $10,000 for each employee against the union.

The trial court entered nominal damages for each plaintiff in the sum of $1.00 and vacated the award for punitive damages. On appeal plaintiffs assert that the trial court erred in excluding evidence of mental distress as part of their actual damage, in vacating the award of punitive damages and in entering only a judgment for nominal damages. Plaintiffs urge that the jury verdict in favor of Sears be set aside as well since the collective bargaining agreement was not ambiguous and that plaintiffs are entitled to a directed verdict on liability for breach of the agreement. Plaintiffs also appeal the denial of attorney fees. The defendant union has cross-appealed, asserting that it was error to enter a verdict for nominal damages.

We find the district court erred in entering a judgment for nominal damages; we otherwise affirm the judgment of the district court.

Article XI of the collective bargaining agreement between the union and Sears, entitled "Jury Pay," reads:

> When employees covered by this Understanding are called upon for jury or witness service, or are subpoenaed for election duty, they shall advise the service manager or assistant service manager upon receipt of such call and, if taken from work for such service, shall be paid their regular pay and retain the fees paid them by the jury or election commission.

In 1976 the plaintiffs had brought a class action against both Sears and the union based on the loss of certain pension and seniority benefits.[1] During the trial of that case three of the plaintiffs here, Russom, Roach and Toll, were called as witnesses on their own behalf. Plaintiff Cronin was subpoenaed as a witness but did not testify. When Sears refused to pay plaintiffs witness pay, grievances were filed with the union.[2] The union processed the grievances through the fourth step of the grievance procedure, a two-man adjustment board composed of a union representative and a Sears representative, where they were denied. The union declined to pursue the grievances to arbitration, the next step in the grievance procedure, or to take economic action.

Both members of the adjustment board testified at trial. The union's representative stated that he was unable to discover through investigation any discernible past practice, custom or construction that would assist in interpreting the contract language, other than the language was derived from Sears' personnel policy for all its employees. He further testified that he consulted the union's legal counsel, who opined that an employee who appeared as a witness in a suit in which he was a plaintiff would not be entitled to witness pay under the collective bargaining agreement.[3] Sears' representative testified that Sears' refusal to pay regular wages to parties to a lawsuit was consistent with Sears' past practice and was in accord with Sears' general policy. The Sears representative further testified that he knew of no employees who had received witness pay as plaintiffs or defendants in lawsuits. He did note that Sears' employees who filed a workmen's compensation claim against Sears were not paid for their attendance at workmen's compensation hearings, but persons who had not filed claims but attended a hearing at the request of Sears or the Workmen's Compensation Commission were given witness pay. There was some testimony to the contrary.[4]

We find that the agreement is not clear as to whether it was intended that employees who are parties to litigation have the same standing to reimbursement as employees who are not parties to a suit but are called or subpoenaed as witnesses. In interpreting collective bargaining agreements we have noted:

> The parties' own mutual interpretation of the contract is entitled to considerable weight; and "[w]hen parties by their uniform conduct over a period of time have given a contract a particular construction, such construction will be adopted by the courts." *Pekar v. Local 181, Brewery Workers*, 311 F.2d 628, 636 (6th Cir.), *cert. denied*, 373 U.S. 912, 83 S.Ct. 1303, 10 L.Ed.2d 414 (1962).

*Barrett v. Safeway Stores, Inc.*, 538 F.2d 1311, 1314 (8th Cir. 1976).

In *UAW v. White Motor Corp.*, 505 F.2d 1193 (8th Cir. 1974), *cert. denied*, 421 U.S. 921, 95 S.Ct. 1588, 43 L.Ed.2d 789 (1975), we observed the principles relied upon by the Supreme Court in the *Steelworkers Trilogy* in interpreting a collective bargaining agreement:

> The collective bargaining agreement states the rights and duties of the parties. It is more than a contract; it is a generalized code to govern a myriad of cases which the draftsmen cannot wholly anticipate. * * * The collective agreement covers the whole employment relationship. It calls into being a new common

---

1. *See Russom v. Sears, Roebuck & Co.*, 558 F.2d 439 (8th Cir.), *cert. denied*, 434 U.S. 955, 98 S.Ct. 481, 54 L.Ed.2d 313 (1977).

2. Apparently only plaintiff Cronin actually filed a grievance. The remaining plaintiffs were told when they attempted to file their grievances that a number of grievances had been filed over Sears' refusal to pay witness pay and that the grievances were going to be processed as a group.

3. The union's counsel testified to the same effect at trial.

4. Plaintiff Roach testified that he had been paid under the witness pay provision of the collective bargaining agreement when he was called to give a deposition in a personal injury suit arising out of an injury to his son in which he was a plaintiff.

law—the common law of a particular industry or of a particular plant.

"* * * There are too many people, too many problems, too many unforeseeable contingencies to make the words of the contract the exclusive source of rights and duties. One cannot reduce all the rules governing a community like an industrial plant to fifteen or even fifty pages * * *."

Gaps may be left to be filled in by reference to the practices of the particular industry and of the various shops covered by the agreement. [*United Steelworkers of America v. American Mfg. Co.*, 363 U.S. at 578–580, 80 S.Ct. at 1351–1352.]

In discussing the labor arbitrator's source of law, the Court added that he

is not confined to the express provisions of the contract, as the industrial common law—the practices of the industry and the shop—is equally a part of the collective bargaining agreement although not expressed in it. [363 U.S. at 581–582, 80 S.Ct. at 1352.]

505 F.2d at 1197–98.

Even where there exists some unambiguous contract provision it is still proper for the parties to interpret the collective bargaining agreement if the contract provision conflicts with the industrial common law. *See Sanderson v. Ford Motor Co.*, 483 F.2d 102 (5th Cir. 1973).

Sears contends there is no conflict here. It urges that the language of the provision implies that employees are to receive witness pay only when "called upon" by third parties, not themselves, to appear as witnesses. The construction adopted by Sears and the union, it is urged, is in accord with "the industrial common law." Alternatively, Sears argues that, even assuming there is a conflict between the language of the collective bargaining agreement and the industrial common law, Sears and the union are authorized as parties to the agreement to interpret and resolve that conflict.

▆ We find the contract provision ambiguous and subject to interpretation of the parties. Viewing the evidence as con-

flicting, we find no error in the jury's resolution as to the intent of the agreement in favor of Sears. This being so, we find no error in the court's refusal to enter an award for actual damages against the union for failure to process the grievance. As we stated in *Butler v. Local 823, International Brotherhood of Teamsters*, 514 F.2d 442 (8th Cir.), *cert. denied*, 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975):

[T]he damages assessed against the union are inextricably tied to the breach of contract. If a court determines that the employer has not breached the contract, even if the union has breached its independent duty of fair representation, the employee will not be entitled to collect from the union damages flowing from the alleged contract breach.

514 F.2d at 447.

▆ The plaintiffs urge, however, that they were entitled to have the jury consider evidence of mental distress and their attorney's fees as actual damage under their separate claim against the union for inadequate representation. On this record we disagree. The claim for mental distress as pleaded is directly related to the union's alleged failure to represent fairly plaintiffs in their grievance. We find only a scintilla of evidence which might justify an award of mental distress for the union's conduct. *De Arroyo v. Sindicato De Trabajadores Packinghouse*, 425 F.2d 281, 293 (1st Cir. 1970); *compare Richardson v. Communications Workers of America*, 443 F.2d 974 (8th Cir. 1971). We find no abuse of discretion in the trial court limiting the evidence of mental distress to the claim for punitive damages.

▆ The plaintiffs urge that the court should have additionally granted attorney's fees as part of compensatory damages. Attorney's fees incurred in bringing a § 301 action do not arise to the status of compensatory damages. As plaintiffs acknowledge, they may, under appropriate circumstances, be awarded separately by the court. *See Emmanuel v. Omaha Carpenters District Council*, 560 F.2d 382 (8th Cir. 1977).

The record reflects no evidence of bad faith, hostility or discriminatory treatment by the union in processing the grievance and in ultimately refusing to take the dispute to arbitration. The mere failure to take the dispute to arbitration does not in itself prove bad faith or establish liability. *See Vaca v. Sipes*, 386 U.S. 171, 191–195, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Sarnelli v. Almalgamated Meat Cutters & Butcher Workmen, Local 33*, 457 F.2d 807 (1st Cir. 1972). The undisputed facts here reflect that the union did not merely exercise perfunctory representation and that they in good faith pursued plaintiffs' claim short of arbitration. Under the circumstances, we find the district court erred in entering judgment for the plaintiffs even for nominal damages.

Further, as the trial court found, there exists no proof of extreme and outrageous conduct by the union which would justify an award of punitive damages. *See Butler v. Local 823, supra*, 514 F.2d at 454; *Bond v. Local 823, International Brotherhood of Teamsters*, 521 F.2d 5, 10 (8th Cir. 1975). However, based on our finding that plaintiffs were not entitled to actual damages, it is clear that they would not be eligible to collect punitive damages. *See Porterfield v. Burger King Corp.*, 540 F.2d 398, 403 (8th Cir. 1976); *Dill v. Greyhound Corp.*, 435 F.2d 231, 239 (6th Cir. 1970), *cert. denied*, 402 U.S. 952, 91 S.Ct. 1622, 29 L.Ed.2d 122 (1971); *Holliday v. Great Atlantic & Pacific Tea Co.*, 256 F.2d 297, 300 (8th Cir. 1958).

The judgment of plaintiffs for nominal damages is vacated; the cause is remanded with directions to enter judgment for the defendant union. The judgment in favor of defendant Sears is affirmed.