**Frank James McKENNA and Julian H. Crews**

v.

**KAISER ALUMINUM AND CHEMICAL CORPORATION, Local 499 of United Steelworkers of America, and United Steelworkers of America.**

**Civ. A. No. B–80–132.**

United States District Court, D. Maryland.

Sept. 20, 1984.

Marvin Ellin, Baltimore, Md., for plaintiffs.

James P. Gillece, Jr., Richard J. Hafets, and Piper & Marbury, Baltimore, Md., for defendant Kaiser Aluminum and Chemical Corporation.

I. Duke Avnet, and John H. Price, Jr., Baltimore, Md., and Richard Brean, Pittsburgh, Pa., for defendants Local 4599 of

United Steelworkers of America and United Steelworkers of America.

## MEMORANDUM

WALTER E. BLACK, Jr., District Judge.

Plaintiffs, Frank James McKenna and Julian H. Crews, bring suit against defendant Kaiser Aluminum & Chemical Corporation (Kaiser) under the Federal Labor Management Relations Act for alleged breach of the collective bargaining agreement between Kaiser and the United Steelworkers of America. In a separate count, plaintiffs sue defendants, Local 4599 of the United Steelworkers of America and the United Steelworkers of America (Union) for an alleged breach of the Union's duty of fair representation in its handling of plaintiffs' grievance against Kaiser. Defendants have filed motions for summary judgment, and plaintiffs have responded thereto. A hearing is not deemed necessary. See Local Rule 6.

Plaintiffs were employed in the Fabrication Department of Kaiser's Halethorpe, Maryland aluminum plant. Each had accumulated more than twenty years' continuous service with Kaiser. On April 15, 1977, Kaiser closed down its Fabrication Department. Pursuant to the local Supplemental Seniority Agreement, plaintiffs had the right to elect a voluntary lay-off or a reassignment to another job classification. Plaintiffs elected a voluntary lay-off.

Under the terms of the 1974 collective bargaining agreement in effect at the time of plaintiffs' voluntary lay-off, an employee with two or more years' continuous service who elected voluntary lay-off was entitled to receive supplemental unemployment benefit (S.U.B.) payments from Kaiser for 52 weeks in addition to the unemployment benefits he received from the State. On June 1, 1977, a new collective bargaining agreement took effect and superseded the 1974 agreement. The 1977 agreement modified the S.U.B. program as it existed under the 1974 collective bargaining agreement. Under the new agreement, employees with more than twenty years' continu-

ous service could receive extended S.U.B. payments for an additional 52 weeks. However, the agreement provided that said employees were ineligible for the extended benefits if they had "refused to accept an assignment to any appropriate work at the work location where employed." *Job and Income Security Program between Kaiser Aluminum & Chemical Corporation and United Steelworkers of America AFL–CIO*, Section B. 4., p. 106. Appendix 3 to *Kaiser's Motion for Summary Judgment.*[1]

Plaintiffs were each paid 52 weeks of S.U.B. benefits. They then applied for extended payments, but their applications were denied.

Plaintiffs thereupon prepared a grievance, which they delivered to Kaiser on July 14, 1978. The grievance was initiated in step four of the grievance procedure. A meeting was held on July 21, 1978, at which Kaiser rejected the grievance. The report of that meeting stated that Kaiser took the position that plaintiffs were not entitled to extended S.U.B. payments because they had "rejected the First Recall to the Plant," and that, in so doing, had refused to accept appropriate work.

The local Union initially rejected Kaiser's position. Because the relevant portions of the new S.U.B. booklet had not been reduced to written form, Kaiser and the Union agreed to table the discussion. Plaintiffs allege that they reported to Kaiser's Halethorpe Plant from June 1978 to June 1979 to apply for extended benefits. They further allege that they were not informed as to the status of their grievance during this period, or thereafter.

A second meeting was held on December 13, 1979, at which representatives from the Union and Kaiser agreed that plaintiffs were not entitled to extended benefits, and the grievance was withdrawn. Plaintiffs allege that the decision to withdraw the grievance was made without prior consultation with plaintiffs, and that plaintiffs were not informed of its withdrawal. This action followed.

Plaintiffs do not dispute Kaiser's allegation, supported by affidavits, that appropriate work was available to them at the time they applied for extended S.U.B. payments. However, they maintain that they did not "refuse" such work within the meaning of Section B. 4. of the S.U.B. plan because Kaiser did not notify them that work was available. In support of their claim that Kaiser was obligated to notify them that work was available, plaintiffs rely upon Article 5 B of the Supplemental Seniority Agreement between Kaiser and the local Union,[2] which provides:

> B.  Notice to Laid-Off Employees. When a restoration of forces is to be made, the Company will give notice thereof to the individuals to be recalled by telegram, or if no response, by certified letter, return receipt requested. Employees shall be obligated to keep the Company advised of their address. A telegram or certified letter sent return receipt requested to the current address carried on the Company's personnel records shall be the full extent of the Company's obligation to give notice of restoration of forces. A list of these employees to be recalled will be forwarded to the Chairman of the Grievance Committee.

Since Kaiser did not send such notification to them, plaintiffs argue that they had not "refused to accept an assignment to any appropriate work."

Kaiser, on the other hand, argues that recalls from voluntary lay-offs must follow the procedure established by Article 5 F of the Supplemental Seniority Agreement, which provides:

> F.  `Recall from Voluntary Lay-Off. An employee accepting a lay-off under

---

1. The supplemental unemployment benefits plan was incorporated by reference into the collective bargaining agreement. Agreement between Kaiser Aluminum & Chemical Corporation and United Steelworkers of America AFL–

CIO, Article 19. Appendix 2 to Kaiser's Motion for Summary Judgment.

2. Appendix 4 to Kaiser's Motion for Summary Judgment.

the provisions of Article 4, Section F, of this Local Agreement, who wishes to use his seniority to return to work, shall notify the Employment Supervisor by telegram, or if no response, by certified letter, return receipt requested, and his name shall then be placed on the recall list where his seniority places him.

It is undisputed that plaintiffs did not place their names on the recall list. Kaiser argues that in failing to do so at a time when work was available, plaintiffs refused to accept appropriate work and thereby forfeited their right to extended S.U.B. payments.

■ The Court concludes that plaintiffs were required to request that their names be placed on the recall list, pursuant to Article 5 F of the Supplemental Seniority Agreement, in order to remain eligible for extended S.U.B. payments. This conclusion is supported by the language of the provisions at issue. By its terms, Article 5 B is applicable to laid-off employees when a restoration of forces is to be made. Plaintiffs, however, were not involuntarily laid-off by Kaiser. They elected a voluntary lay-off in lieu of demotion, which is the right of an "employee assigned to a lower job classification." Supplemental Seniority Agreement, Article 4 F. Therefore, although the provisions of Article 5 B would be applicable to a restoration of forces in which plaintiffs were returned to their positions in the Fabrication Department, it does not extend to plaintiffs' use of their seniority to accept other available work.

In contrast, Article 5 F expressly applies to employees who have elected a voluntary lay-off under the provsions of Article 4 F. Thus, an employee who has elected voluntary lay-off, as plaintiffs did, must follow the procedure set forth in Article 5 F to accept available work, or forfeit his right to extended S.U.B. payments.

Further, any doubt as to the proper construction of the relevant provisions of the Supplemental Seniority Agreement is dispelled by the affidavits submitted by Kaiser in support of its Motion for Summary Judgment. They state that it was the intention of the Union and Kaiser representatives negotiating the 1977 agreement that extended S.U.B. payments be limited to employees for whom there was no appropriate work available at the employee's home location. (Affidavit of A.H. Dietmeyer, paragraphs 8–9, 13; affidavit of A. Stanley Johnson, paragraphs 11, 27).

■ Plaintiffs, who took no part in the negotiations that culminated in the adoption of the 1977 agreement, presented no competent evidence to contradict that construction.[3] As a consequence, the defendants' interpretation must be accepted by this Court. *Barrett v. Safeway Stores, Inc.*, 538 F.2d 1311 (8th Cir.1976). Inasmuch as plaintiffs failed to establish that Kaiser breached the collective bargaining agreement, their claim that the Union breached its duty of fair representation must also fail. *Clayton v. Automobile Workers*, 451 U.S. 679, 683 n. 4, 101 S.Ct. 2088, 2092, 68 L.Ed.2d 538 (1981); *Cronin v. Sears, Roebuck & Co.*, 588 F.2d 616, 619 (8th Cir.1978). It is, therefore, unnecessary to reach defendants' contention that plaintiffs failed to exhaust their contractual remedies with respect to their claims for "health insurance benefits, pension rights, seniority privileges and various other privileges and benefits appurtenant to the S.U.B. program ...." (Plaintiffs' Declaration pages 3, 7).

For the aforegoing reasons, the motions for summary judgment filed on behalf of defendant Kaiser Aluminum & Chemical

---

**3.** In fact, McKenna admitted in his deposition that he could return to work by putting himself on the recall list, and that it was his responsibility to do so. McKenna deposition at 77. Moreover, he had once complained, in writing, to a Kaiser official that a recall letter sent to him by that official violated the collective bargaining agreement then in effect, alleging that as an employee who had elected voluntary lay-off in lieu of demotion, "it is I who shall notify the employment office when I wish to be placed on the recall list." Appendix 6 to Kaiser's Motion for Summary Judgment.

Corporation (Paper 16) and on behalf of defendants United Steelworkers of America and Local 4599 of United Steelworkers of America (Paper 21) BE, and the same hereby ARE, GRANTED. The Court will enter a separate Order and Judgment, entering judgment in favor of the defendants.