VADAKIN, INC., Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS, Defendant.

No. C2–84–1555.

United States District Court, S.D. Ohio, E.D.

June 4, 1990.

---

Paul Theisen, Marietta, Ohio, for plaintiff.

Gary Eby, Cincinnati, Ohio, for defendant.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This matter is currently before the Court pursuant to Defendant's Motion for Summary Judgment on Count III of Plaintiff's Complaint (Doc. 46). Plaintiff has filed a motion requesting an oral hearing on the summary judgment motion (Doc. 54). Plaintiff has also filed a memorandum in opposition to Defendant's motion (Doc. 55), to which Defendant filed a reply memorandum (Doc. 59).

The Court is of the opinion that an oral hearing on the matter of summary judgment is not necessary. (See Local Rule 4.04 of the S.D. of Ohio). Therefore, Plaintiff's request is hereby DENIED.

## FACTS

Originally Plaintiff's Complaint and First Amended Complaint contained five counts. Of the five original counts, only Count III remains to be decided. In the third count, Plaintiff contends that the defendant violated Article 35(c) of the collective bargaining agreement between the parties. Article 35(c) is what has commonly been re-

ferred to as a "most favored nations" clause. The clause provides in relevant part as follows:

The Brotherhood will not enter into any written or oral agreement with any Contractor on terms and conditions more advantageous than those contained in this agreement. If the Brotherhood should, for any reason, enter into an agreement with any other Contractor on terms and conditions more advantageous to such Contractor than those contained in this agreement, then such advantageous terms and conditions shall be made available to all contractors signatory hereto.

Plaintiff asserts that Defendant entered into agreements with two of its competitors, J.B. Industrial and Triple C, on terms and conditions more favorable than those contained in Plaintiff's contract and that Defendant refused to make those same terms available to Plaintiff in violation of Article 35(c). The basis of this assertion is the undisputed fact that Plaintiff Vadakin consistently followed the letter of the agreement between the parties by paying the set union wages and by paying into the Union's pension fund as required under the agreement. However, at the same time, the two competitors of Plaintiff, and co-signatories to the labor agreement, J.B. Industrial and Triple C, failed to pay union wages and did not pay into the Union's pension fund.

Plaintiff Vadakin further alleges that by permitting both J.B. Industrial and Triple C to not abide by the Labor Agreement, Defendant Union created a situation where Plaintiff's competitors could bid on jobs without having to calculate into their bid the payment of union wages or payments into the Union's pension plan. Thus, Plaintiff alleges that the Union's failure to enforce the agreement permitted their competitors, specifically J.B. Industrial and Triple C to consistently underbid Plaintiff on numerous jobs. As a result Plaintiff Vadakin claims large losses in profits.

## STANDARD OF REVIEW

In considering this motion, the Court is mindful that the standard for summary judgment "mirrors the standard for a directed verdict under [Rule 50(a)], which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) citing *Brady v. Southern Ry. Co.,* 320 U.S. 476, 479–480, 64 S.Ct. 232, 234, 88 L.Ed. 239 (1943). Thus, the Supreme Court concluded in *Anderson* that a judge considering a motion for summary judgment must "ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair minded jury could return a verdict for the plaintiff on the evidence presented." 477 U.S. at 252, 106 S.Ct. at 2512.

Rule 56(c) of the Federal Rules of Civil Procedure provides in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In essence, the inquiry is whether the evidence presented a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. 477 U.S. at 252, 106 S.Ct. at 2512.

Such an inquiry necessarily implicates the evidentiary standard of proof that would apply at the trial on the merits. As a result, the Court must view the evidence presented through the prism of the substantive evidentiary burden. Rule 56(e) therefore requires that the nonmoving party go beyond the pleadings and by their own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (emphasis added). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails

to make a showing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322, 106 S.Ct. at 2552. Thus, the mere existence of a scintilla of evidence in support of a plaintiff's claim is insufficient—there must be evidence upon which a jury could reasonably find for the plaintiff. Having discussed the Rule 56 standard of review, the Court now turns to the merits.

## LAW AND ANALYSIS

Defendant's motion lists four points upon which it argues summary judgment should be granted. The first is that "Plaintiff has failed to offer any evidence that any oral or written agreement existed between Defendant and J.B. Industrial or Triple C". Second, that Article 35(c) of the agreement cannot be interpreted to include the settlement of grievances with other employer companies. Third, Plaintiff's claims of damages are speculative. And fourth, federal labor law does not permit punitive damages. Each of these points will be dealt with *seriatim*.

A. Non-existence of an Oral or Written Agreement more Favorable to Competitors

Defendant has consistently maintained that Plaintiff has not and cannot offer any evidence that Defendant entered into any written or oral agreements with either J.B. Industrial or Triple C on terms more favorable than or different from those extended to Plaintiff. It would appear that Plaintiff concedes the point that no *per se* written or oral agreement exists. However, Plaintiff argues that Defendant's course of actions and omissions in their lack of enforcement of the collective bargaining agreement as to J.B. Industrial and Triple C effectively served to waive those terms that were violated yet not enforced. And, that Defendant's actions and omissions created *de facto* terms more favorable to Plaintiff's competitors. Specifically, Plaintiff argues that the two employers failed to pay union wages and failed to pay into the Union's pension plan and that the Union, by not

enforcing their rights, effectively waived those two provisions of the agreement. The crux of Plaintiff's Complaint is that the waiver of the above referenced provisions as to two of the companies, but not as to Plaintiff Vadakin, is a violation of the collective bargaining agreement's most favored nations clause.

The Court is mindful that in interpreting a clause of a collective bargaining agreement and in actions pursuant to 29 U.S.C. § 185, Section 301 of the Labor-Management Relations Act, substantive federal law applies. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); *Bechtel Corp. v. Local 215*, 544 F.2d 1207 (3d Cir.1976); *Broniman v. Great Atlantic & Pac. Tea Co.*, 353 F.2d 559, *cert. denied*, 384 U.S. 907, 86 S.Ct. 1343, 16 L.Ed.2d 360 (1966); *United Steelworkers of America, AFL–CIO v. Northwest Steel Rolling Mills, Inc.*, 324 F.2d 479 (9th Cir.1963); *International Union of United Brewery, Flour, Cereal, Soft Drink & Distillery Workers of America, AFL–CIO v. Duke & Co., Inc.*, 373 F.Supp. 778, *aff'd*, 510 F.2d 969 (3d Cir. 1975). Also, federal law governs suits for violations of contracts between employer and labor organization representing employees in industry affecting commerce. *Republic Steel Corp., infra;* See also, *G.E. Howard & Co. v. Daley*, 317 N.Y.S.2d 326, 265 N.E.2d 747, 27 N.Y.2d 285 (1970).

The actual construction of the collective bargaining contract in commerce is determinable by federal law, *Zdanok v. Glidden Co., Durkee Famous Foods Division*, 327 F.2d 944, *cert. denied*, 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1963), and although it is a contract, federal law provides that it is more liberally construed than an agreement between private parties. *Peerless Pressed Metal Corp. v. International Union of Elec., Radio and Machine Workers, AFL–CIO*, 451 F.2d 19 (1st Cir. 1971). In fact, interpretation of a collective bargaining agreement should not be confined to express provision of the contract. *Anaconda Co. v. Great Falls Mill and Smeltermen's Union No. 16 of Interna-*

*tional Union of Mine, Mill and Smelter-workers,* 402 F.2d 749 (9th Cir.1968).

■ The Courts have gone so far as to provide that in interpreting the collective bargaining agreement, even where there exits a relatively unambiguous contract provision, it is important to consider the industry, common industry practices, the context within which the agreement arose and any other indicia of the parties' intention. *Randall v. Lodge No. 1076, International Ass'n of Machinists and Aerospace Workers AFL–CIO,* 648 F.2d 462 (7th Cir. 1981); *Cronin v. Sears Roebuck & Co.,* 588 F.2d 616 (8th Cir.1978); *Cappa v. Wiseman,* 469 F.Supp. 437, *aff'd,* 659 F.2d 957 (9th Cir.1981); *Arnold v. Great Atlantic & Pac. Tea Co., Inc.,* 461 F.Supp. 425 (1978). Furthermore, it is worth noting that collective bargaining agreements impose a continuing day-to-day obligation on the parties to fulfill their terms in good faith. *Bituminous Coal Operators' Ass'n, Inc. v. International Union, United Mine Workers .of America,* 431 F.Supp. 774, *aff'd* in part, *reversed* in part on other grounds, 585 F.2d 586 (3rd Cir.1978).

■ In reviewing the terms of the collective bargaining agreement and specifically Article 35(c), it becomes readily clear that it creates an expressed duty to provide signatories equal terms under the contract. The expressed remedy for a failure to provide equal terms is to provide to all parties the most advantageous terms offered to one party. It is certainly possible that a jury could find that springing from these expressed duties is the implied duty to enforce the terms of the agreement as to all parties. With that in mind, coupled with the parties' intentions, the industry's common practices and the liberal construction of a collective bargaining agreement to assure equity, it becomes apparent that genuine issues of material fact exist for which only a jury should decide. For example, it must be for a jury to decide if Defendant's actions or inaction could give rise to an agreement that amended the terms of the collective bargaining agreement as to some parties or signatories, but not all. Therefore, Defendant's Motion for Summary Judgment based on the non-existence of an oral or written agreement is hereby DENIED.

**B. Article 35(c) Cannot be Interpreted to Include the Settlement of Grievances with Other Companies**

■ Defendant's second basis for summary judgment is that Plaintiff is unable to cite to any evidence in either the contract or the bargaining history that supports the idea that the parties intended for the Article in question to encompass grievance settlements between Defendant and other companies. However, as previously stated, a collective bargaining agreement is liberally construed. *Peerless Pressed Metal Corp., supra.*

Defendant argues and is correct that typically a Union has broad discretion in how it settles disagreements arising under the contract and how it pursues grievances under the contract. However this was much more than an ordinary relationship between three companies and a union. The signatories to the instant collective bargaining agreement were three competing companies that entered into an agreement with the Union. The benefit of the bargain for each party was that the Union obtained work at contracted rates for its members, and the company, through their affiliation with the union, were then able to bid on work that mandated union labor. However, the additional benefit provided to the three companies was parity in wages paid and pension contributions. That parity came at the price of paying artificially inflated wages for labor that could be obtained on the open market for less (as evidenced by J.C. Industrial and Triple C's ability to pay less than Union wages).

The benefit of parity between the three companies was an extremely important aspect of the agreement, in that no other company could obtain a competitive advantage over another based on wages paid. Therefore, if one of the companies failed to meet its contractual obligations the parity would be lost. As such, only the Union is in a position to enforce contractual compliance and the Union's failure to do so denies

the companies that do comply of at least part of the benefit of their bargain. Thus, the pursuit of a grievance against a signatory to the collective bargaining agreement could potentially be considered part of the most favored nations clause since a failure to enforce the agreement does an injustice to the union and all other signatories to the collective bargaining agreement that are forced to abide by its provisions. Based on the significant connection between both the Defendant's interest and the Plaintiff's interest in enforcing the collective bargaining agreement, reasonable minds could differ on whether the "most favored nations" clause of the agreement could be interpreted to require some standard of grievance pursuit and settlement with other signatories in order to preserve the tangential interest of all signatories. Therefore, Defendant's motion for summary judgment, as it relates to the interpretation of Article 35(c) of the collective bargaining agreement is hereby DENIED.

### C. Plaintiff's Claims for Damages are Speculative

■ Defendant's third basis for summary judgment is an argument that Plaintiff's damages are speculative. While the Court is inclined to agree with Defendant to a limited extent as to some of the damages, others are capable of concise and accurate measurement. Therefore, Defendant's motion for summary judgment due to the speculativeness of the damages is DENIED.

However, it has become apparent that damages in and of itself will become an exceedingly difficult and cumbersome matter throughout a trial. Furthermore, if Plaintiff fails to prove a breach of the contract, damages will become moot. Therefore, for good cause shown, Defendant's Motion to Bifurcate the trial is well taken and is hereby GRANTED. This will in no way effect this Court's earlier Pretrial Order, in that the Court wishes to be briefed on the cause(s) of action for trial *and* damages.

### D. Federal Labor Law Does Not Permit Punitive Damages

■ Defendant's final request is that the Court enter summary judgment as to Plaintiff's prayer for punitive damages. The Court is of the opinion that punitive damages are not usually awarded in breach of labor contract cases. *Hotel and Restaurant Emp. and Bartenders International Union, AFL–CIO v. Michaelson's Food Services, Inc.,* 545 F.2d 1248 (9th Cir.1976); *Hechenberger v. Western Electric Co.,* 570 F.Supp. 820, *aff'd,* 742 F.2d 453, *cert. denied,* 469 U.S. 1212, 105 S.Ct. 1182, 84 L.Ed.2d 330 (1984). Short of outrageous or extraordinary conduct, bad faith or malice, punitive damages generally are not awarded. *Chrysler Workers Ass'n v. Chrysler Corp.,* 663 F.Supp. 1134 (N.D. Ohio 1986); *Canton Printing Pressmen and Assistants Union No. 241 v. Canton Repository,* 577 F.Supp. 455 (D.C.Ohio 1983).

In the instant matter Plaintiff has failed to provide the Court with any evidence that would give rise to outrageous or extraordinary conduct by Defendant. Therefore, Defendant's motion for summary judgment, as it relates to punitive damages should be GRANTED, however, the Opinion and Order of this Court dated May 9, 1989, had already removed Plaintiff's claim for punitive damages. Therefore, Defendant's motion on this basis is deemed MOOT.

### SUMMARY

In summation, Defendant's motion requesting summary judgment is DENIED as to all matters *except* punitive damages, where the motion is deemed MOOT. Furthermore, the trial of this matter is to be bifurcated for purpose of severing out all matters relating to damages. A trial as to damages will be held, if needed, at the conclusion of the trial concerning the breach of the collective bargaining agreement.

IT IS SO ORDERED.